UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SCHWAB INDUSTRIES, INC., | ) | CASE NO. 5:15-cv-2098 |
| | ) | (Adv. No. 14-6024) |
| | ) | |
| APPELLANT, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| HUNTINGTON NATIONAL BANK, et al., | ) | |
| | ) | |
| | ) | |
| APPELLEES. | ) | |

Before the Court are motions to dismiss filed separately by appellees Hahn, Loeser & Parks, LLP, Lawrence E. Oscar, and Andrew Krause (Doc. No. 5) and by appellee Huntington National Bank (Doc. No. 7.) Appellant filed a combined brief in opposition. (Doc. No. 11.) The appellees filed their separate reply briefs. (Doc. Nos. 12 and 13, respectively.) For the reasons discussed herein, the motions to dismiss are granted.

## I. DISCUSSION

The parties here have set forth some of the underlying factual and procedural background, and appellant has briefed the underlying legal issues.[1] However, little, if any, of that is relevant to the sole dispositive argument raised in both motions to dismiss: that this Court lacks jurisdiction to review the appealed orders of the bankruptcy court because the notice of appeal was not timely filed. This Court need only discuss that single issue.

On October 7, 2015, appellant Schwab Industries, Inc. (who was the debtor in a Chapter 11 proceeding and the plaintiff in the adversary proceeding from which this appeal arises), filed

---

[1] Interestingly, appellant ignores defendants' arguments relating to the timeliness of the appeal and, instead, goes straight to the merits, arguing that the bankruptcy court was constitutionally and statutorily prohibited from entering a final judgment. Even if that were so (and the Court has no opinion on that) the arguments cannot be addressed unless this Court has jurisdiction.

its notice of appeal to this Court from two orders of the bankruptcy court, the first dated October 27, 2014 and the second dated September 21, 2015. For purposes of a timeliness analysis, only the second order is relevant.[2]

Fed. R. Bankr. P. 8002(a) provides: "Except as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Subdivision (b) deals with the effect on this 14-day period of the filing of certain motions in the bankruptcy court: to amend or make additional findings, to alter or amend a judgment, for a new trial, or for relief from a judgment or order.[3] A review of the bankruptcy court docket reveals that no such motion was filed. Therefore, to be timely under the rule, and applying Fed. R. Bankr. P. 9006(a) for computing time,[4] the notice of appeal was due on October 5, 2015. It was filed on October 7, 2015.

With some exceptions, "the bankruptcy court may extend the time to file a notice of appeal upon a party's motion[.]" Fed. R. Bankr. P. 8002(d)(1). Here, appellant filed no motion with the bankruptcy court (or with this Court) seeking an extension of time.

Even if the Court were to construe this as an interlocutory appeal, which appellant appears to advocate,[5] this Court would still be without jurisdiction to consider the appeal because Fed. R. Bankr. P. 8004(a)(1) requires that a notice of appeal of an interlocutory order must be filed within the same 14-day period prescribed for the notice of appeal of a final order.

---

[2] Appellant previously attempted to appeal from the October 27, 2014 order. (*See* Case Nos. 5:14-cv-2578 and 5:14-cv-2586.) This attempt was turned away by U.S. District Judge John R. Adams, who concluded that the order was interlocutory and not ripe for appeal, and that there was no basis for permitting an interlocutory appeal.

[3] Subdivision (c) addresses the so-called "mailbox rule" that applies to cases and appeals filed by incarcerated persons. It is inapplicable here.

[4] Rule 9006(a) requires exclusion of the day of the triggering event, counting every calendar day, and including the last day of the period unless it is a Saturday, Sunday, or legal holiday, in which event the period runs to the next day. Fed. R. Civ. P. 6(a) provides the very same.

[5] A motion for leave to file an interlocutory appeal accompanies appellant's notice of appeal. (Doc. No. 1-3.)

"Cases interpreting Rule 8002 hold that the rule shall be strictly construed and that timely filing [of a notice of appeal] is a jurisdictional requirement." *In re HML II, Inc.*, 234 B.R. 67, 73 (6th Cir. BAP 1999) (internal quotation marks and citations omitted), *aff'd* 215 F.3d 1326, 2000 WL 659140 (6th Cir. May 11, 2000) (Table, text in WESTLAW); *see also Suhar v. Burns (In re Burns)*, 322 F.3d 421, 429-30 (6th Cir. 2003) (failure to comply with the time requirement, or to timely seek an extension, deprives the appellate court of jurisdiction).

## II. CONCLUSION

Because the notice of appeal was not timely filed, this Court lacks jurisdiction. Therefore, the two motions to dismiss (Doc. Nos. 5 and 7) are granted.

**IT IS SO ORDERED**.

Dated: June 24, 2016

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**